**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JESSIE SAMUEL RUFUS BENFORD,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　)
　　　　　v.　　　　　　　　　　　)　　　　No. 4:23-cv-00697-SEP
　　　　　　　　　　　　　　　　)
S. STIMSON,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　　)

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is Plaintiff Jessie Samuel Rufus Benford's motion for leave to commence this civil action without prepayment of the required filing fee.  Doc. [2].  Having reviewed the motion, the Court finds that it should be granted.  *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons set forth below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court

should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## BACKGROUND

Plaintiff is a self-represented litigant and frequent filer in the United States District Court for the Eastern District of Missouri.  Since 2000, he has 29 closed cases, most of which have been dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2).  Pertinent here, Plaintiff has filed a series of cases that all arise from the end of his employment as a truck driver with Schneider National Carriers, Inc.

The first such case was an employment discrimination action under Title VII of the Civil Rights Act of 1964, filed on March 21, 2019. *Benford v. Schneider National Carriers, Inc.*, No. 4:19-cv-550-MTS (E.D. Mo.).  There Plaintiff asserted that he had been "deprived of [a] normal work environment" by his supervisor, Jack Filina.  According to Plaintiff, he was required to report to Filina for approval to work each day, but he was unable to contact Filina for approximately one week when Filina was on leave.  When Plaintiff ultimately made contact with Filina, Filina expressed the opinion that Plaintiff was not committed to the job and terminated his employment.  Plaintiff alleged that his discharge was because of his religious beliefs.

After initial review of the complaint under 28 U.S.C. § 1915, the district court dismissed the Title VII claims relating to race, color, and gender discrimination, as well as the hostile work environment and retaliation claims.  The religious discrimination claim was allowed to proceed.  On July 19, 2021, however, the district court granted Schneider's motion for summary judgment, because Plaintiff had not supported his claim of religious discrimination, and because Schneider demonstrated that Plaintiff had failed to meet reasonable requirements for employment after failing to report to work on multiple occasions.  Plaintiff filed a notice of appeal, but on January

10, 2022, the United States Court of Appeals for the Eighth Circuit affirmed the judgment of the district court. *Benford v. Schneider National Carriers, Inc.*, No. 21-2717 (8th Cir. 2022).

Plaintiff then filed three similar cases on January 13, 2022, all arising from his termination from Schneider. In *Benford v. Missouri Court of Appeals Eastern District*, No. 4:22-cv-52-HEA (E.D. Mo Jan. 13, 2022), he alleged that he had been discriminated against by the Missouri Court of Appeals when a ruling was made "claiming that [he] quit [his] job when [his] employer admitted to terminating [him] in federal court." On January 19, 2022, the district court granted Plaintiff's motion for leave to proceed *in forma pauperis* and reviewed his complaint under 28 U.S.C. § 1915. The district court determined that Plaintiff intended to sue the United States Court of Appeals for the Eighth Circuit, which had affirmed the district court's earlier dismissal of his employment discrimination complaint. The district court dismissed the complaint without prejudice, as the Court of Appeals was entitled to sovereign immunity.

Next, in *Benford v. Missouri Division of Employment Security*, No. 4:22-cv-56-SRW (E.D. Mo. Jan. 13, 2022), Plaintiff sued the Missouri Division of Employment Security, stating that he had been terminated from his employment with Schneider, but that Filina had lied by stating that Plaintiff voluntarily quit. Following review under 28 U.S.C. § 1915, the district court dismissed Plaintiff's complaint without prejudice, finding that Missouri Division of Employment Security is not a "person" for purposes of 42 U.S.C. § 1983, and that sovereign immunity barred his claim.

Finally, in *Benford v. Labor and Industrial Relations Comm.*, No. 4:22-cv-58-SEP (E.D. Mo. Jan. 13, 2022), Plaintiff sued the Labor and Industrial Relations Commission, asserting a violation of the First Amendment and Title VII. As with his other cases, Plaintiff argued that he had been fired from Schneider by Filina but that the Labor and Industrial Relations Commission falsely indicated that he had quit. On August 23, 2022, on review pursuant to 28 U.S.C. § 1915, the district court dismissed Plaintiff's constitutional claim because the State of Missouri's Labor and Industrial Relations Commission is not a "person" under 42 U.S.C. § 1983, and because the claim was barred by sovereign immunity. The district court also observed that Plaintiff had failed to state a Title VII claim, as he had not presented any facts regarding workplace discrimination. Instead, the district court noted that Plaintiff was "repackaging old claims and bringing them against different defendants."

On March 1, 2023, Plaintiff filed three more cases, once again alleging similar facts but naming different defendants, including the Chairman of the Missouri Labor and Industrial Relations Commission, three judges of the Missouri Court of Appeals, and Referee S. Stimson. All three cases were dismissed upon initial review. *See Benford v. Cornejo, et al.*, No. 4:23-cv-252-PLC (E.D. Mo. Mar. 1, 2023); *Benford v. Dowd, et al.*, No. 4:23-cv-261-SRW (E.D. Mo. Mar. 1, 2023); *Benford v. Stimson*, No. 4:23-cv-263-SEP (E.D. Mo. Mar. 1, 2023).

In the instant case, Plaintiff once again sues Stimson, seeking to hold him liable for purported violations of Plaintiff's civil rights.[1]

### THE COMPLAINT

Plaintiff's complaint is on a Court-provided civil complaint form. The jurisdictional section of the form is blank. Doc. [1] at 3. As Plaintiff alleges constitutional violations, the Court construes this action as arising under 42 U.S.C. § 1983. Plaintiff names Referee S. Stimson as the sole defendant. *Id*. at 2. Stimson is sued in his individual capacity only.[2] *Id*. at 7.

In the "Statement of Claim," Plaintiff asserts that in November 2018, he "accepted an assignment with Schneider on [a] Home Depot delivery account. *Id*. at 6. His advisor was Jack Filina, and Plaintiff had to report to Filina every day "in order to clock in."

On November 13, 2018, Plaintiff called Filina and discussed the possibility of bad weather. *Id*. at 7. The next day, "bad weather reached St. Louis," and Plaintiff called Filina, leaving him a message that he could not make it to work. *Id*. Plaintiff also called Human Resources ("HR"), which informed him that he must speak with Filina about the matter. From November 14, 2018, to November 20, 2018, Filina did not answer his phone, so Plaintiff left messages "wondering why [Filina] wasn't answering [his] calls."

On November 21, 2018, Plaintiff finally spoke with Filina, asking why he had not answered Plaintiff's calls. Filina advised that he had been on funeral leave. When Plaintiff told

---

[1] Plaintiff also filed another case against the three Missouri Court of Appeals judges who affirmed the decision of the Missouri Labor and Industrial Relations Commission to deny him unemployment benefits. That case is pending. *See Benford v. Dowd, et al.*, No. 4:23-cv-696-SRW (E.D. Mo. May 25, 2023).

[2] In the "Statement of Claim," Plaintiff notes that he is suing Stimson based on a "decision . . . personally made by S. Stimson as an individual." Given that Plaintiff has already sued Stimson in a case that was dismissed for failure to state an official capacity claim, Plaintiff appears to be making another attempt to assert liability against Stimson, this time in Stimson's individual capacity.

Filina that HR would not allow his training to continue until he contacted Filina, Filina allegedly became belligerent and told Plaintiff that he was not committed to the job.  Plaintiff asked Filina to be more respectful, and Filina responded by saying he had "no more work for" Plaintiff.

Plaintiff asserts that he "then called the Missouri Division of Employment." *Id*.  On December 19, 2018, "a deputy of the Missouri Division of Employment determined that [he] left work voluntarily, without good cause attributable to work." *Id*. at 8.  Plaintiff insists "this claim is grossly false," because the deputy said he left work on November 11, 2018, a Sunday, and Plaintiff did not work on Sundays. *Id*.  On January 30, 2019, Referee Stimson issued a decision that contradicted the deputy's decision by determining that Plaintiff left work voluntarily on November 12, 2018, rather than November 11. *Id*.

Plaintiff asserts that on March 4, 2019, Filina's attorney made a false claim to the Missouri Court of Appeals that Plaintiff "quit his job."  On June 7, 2019, a different attorney representing Filina "confessed" that Filina had terminated Plaintiff.  Plaintiff describes the events as "willful, deliberate disregard for the American legal structure on behalf of Jack Filina, which was fully supported by individual S. Stimson." *Id*. at 8-9.

Plaintiff seeks $300,000 in compensatory damages and $5,000,000 in punitive damages. *Id*. at 5.

## DISCUSSION

Plaintiff is a self-represented litigant who has filed a civil action construed as arising under 42 U.S.C. § 1983, alleging that Referee Stimson's decision in an unemployment benefits case violated his constitutional rights.[3]  Because he is proceeding in forma pauperis, the Court has reviewed his complaint pursuant to 28 U.S.C. § 1915.  Based on that review, and for the reasons discussed below, the action is dismissed without prejudice.

## I.      Judicial Immunity

Plaintiff sues Referee Stimson for a decision Stimson made in an unemployment benefits case.  That claim is barred by judicial immunity.

---

[3] Though Plaintiff does not make this clear, the Missouri Court of Appeals has indicated that Plaintiff brought a case before the Missouri Labor and Industrial Relations Commission, which found "him disqualified from receiving unemployment benefits."  *See Benford v. Schneider National Carriers, Inc., et al.*, No. ED107701 (Mo. App. 2019).

In order to allow judicial officers to exercise their vested authority and to act upon their own convictions, judges are provided with judicial immunity from suit. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) ("judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

A judge's immunity from 42 U.S.C. § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 ("to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Judicial immunity extends to judicial referees. *See Scheffler v. Trachy*, 821 Fed. Appx. 648, 652 n.8 (8th Cir. 2020) (Court of Appeals' "conclusion" regarding defendants' judicial immunity applied to referee, "because absolute judicial immunity extends to judicial referees"); and *Jackson v. Marek*, 2018 WL 3321577, at * 2 (D. Minn. 2018) (desirability of "freedom of judicial action applies equally to court-appointed referees and receivers, and brings them within the cloak of judicial immunity").

Referee Stimson is entitled to judicial immunity for the decision he made in Plaintiff's unemployment benefits case. Such immunity protects him in the exercise of his authority in all but two narrow circumstances, neither of which is present here. There is no indication that Referee Stimson took a non-judicial action, nor is there any suggestion that he acted in the clear absence of jurisdiction. Rather, Plaintiff simply alleges that the decision was wrong. Regardless of the correctness of the decision, judicial immunity protects Stimson in fulfilling his duties. "A

judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. Therefore, Plaintiff's claim against Referee Stimson is dismissed.

## II.    <u>Failure to State a Claim</u>

Even if Referee Stimson were not protected by judicial immunity, Plaintiff fails to state an individual capacity claim. Individual liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). Accordingly, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, most of Plaintiff's "Statement of Claim" is devoted to his interactions with Jack Filina, which have now comprised the operative facts for eight different cases he has filed in the United States District Court for the Eastern District of Missouri. Plaintiff complains at length about Filina not answering calls, becoming belligerent, refusing to provide Plaintiff a termination letter, and denying that he fired Plaintiff. But Jack Filina is not the defendant in this case; it is Referee Stimson who has been sued.

Regarding Referee Stimson, Plaintiff's only allegation is that Stimson's deputy determined that Plaintiff quit work on Sunday, November 11, 2018. When Plaintiff appealed, Referee Stimson conducted a hearing and determined that Plaintiff actually quit on Monday, November 12, 2018. There is no support for the proposition that Referee Stimson's decision was wrong, but even if it was, Plaintiff has not established that the decision implicated a constitutional right. Therefore, he has not stated an individual capacity claim under 42 U.S.C. § 1983. *See Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States."). Plaintiff's individual capacity claim against Referee Stimson is subject to dismissal for that reason as well.

### III.   Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. Doc. [3]. The motion is denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. [3]) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 13th day of June, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

8